UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| RAYMOND BARTOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:07CV165RWS |
| ) | |
| MISSOURI BARGE LINE COMPANY ) | |
| INC., d/b/a NORTHERN AMERICAN ) | |
| BARGE LINE INC., ) | |
| ) | |
| and ) | |
| ) | |
| CAPE GIRARDEAU FLEETING, INC. ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Plaintiff Raymond Bartoe filed this lawsuit under the Jones Act, 46 U.S.C. § 688, *et seq.* and general maritime law, seeking to recover damages and maintenance and cure for injuries he claims to have sustained while employed by Defendant Missouri Barge Line Inc. d/b/a North American Barge Line, Inc. and Defendant Cape Girardeau Fleeting, Inc. Bartoe alleges he slipped on ice while working as a deck hand aboard the harbor tug M/V Coal Express. Defendants have asserted various affirmative defenses, among them that the "primary duty doctrine" bars Bartoe from recovery because it was Bartoe's duty to clear the ice upon which he slipped and that they are entitled to limit their liability to the value of the M/V Coal Express and its freight pursuant to 46 U.S.C. §§ 30501–30512.

Bartoe now moves to strike Defendants' affirmative defenses. For the reasons below, I will deny Plaintiff's motion to strike, but grant him leave to refile his opposition as a partial motion for summary judgment.

*Discussion*

Rule 12(f) provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The Rule requires that any motion to strike be filed either before responding to a pleading or, if a response is not required, within 20 days after being served with the pleading. Fed. R. Civ. P. 12(f)(2). A court may consider an untimely motion to strike, however, because it may strike material from the pleadings on its own initiative. Fed. R. Civ. P. 12(f)(1); Lunsford v. United States, 570 F.2d 221, 227 n.11 (8th Cir. 1977).

Motions to strike are viewed with disfavor and are infrequently granted. Lunsford, 570 F.2d at 229; 5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1380, at 394 (3d ed. 2004). A motion to strike should "be denied if the defense is sufficient as a matter of law or if it fairly presents a question of law or fact which the court ought to hear." Lunsford, 570 F.2d at 229.

Normally, matter outside the pleadings is not considered on a Rule 12(f) motion. Wright & Miller, supra, at 404. When a defense "appears to be valid on the basis of the pleading and its insufficiency only can be demonstrated by material outside the pleadings," the appropriate means to seek relief is a motion for a partial summary judgment under Rule 56(d). Id. § 1381, at 430. Because, in this case, the parties ask me to consider information outside the pleadings and in light of the late nature of Bartoe's 12(f) motion, I will deny Bartoe's motion to strike Defendants' affirmative defenses. I will, however, extend the deadline on dispositive motions to allow Bartoe to file a motion for partial summary judgment on the issues contained in his motion to strike.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to strike [#44] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff may file a motion for partial summary judgment on the issues contained in his motion to strike. Bartoe's motion, statement of uncontroverted material facts, memorandum in support, and accompanying documentation are due no later than **May 5, 2009.** Defendants' response in opposition is due no later than **June 5, 2009.** Plaintiff may file a reply no later than **June 25, 2009.**

Dated this 24th day of April, 2009.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE